1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9    R. GIL MCDOUGALD,                          )    1:04cv6057 OWW DLB
                                                )
10                      Plaintiff,              )
                                                )    ORDER GRANTING PLAINTIFF'S MOTION
11          v.                                  )    FOR LEAVE TO FILE SECOND AMENDED
                                                )    COMPLAINT
12                                              )
     O.A.R.S., INC., et. al.,                   )    (Document 34)
13                                              )
                                                )
14                      Defendants.             )

15

16          On June 14, 2005, Plaintiff R. Gil McDougald ("Plaintiff") filed the present motion for

17   leave to file a second amended complaint.  Defendants did not file an opposition and therefore

18   the motion was deemed submitted without argument.

19                                      **BACKGROUND**

20          Plaintiff was employed by Defendants as the operator of a "jet boat" which ferried

21   passengers and cargo from a landing on the Colorado River near Moab, Utah to a spot further

22   down river where the passengers would begin white water rafting expeditions.  On September 10,

23   2003, Plaintiff suffered a serious spinal injury when he was attempting to load Defendants' jet

24   boat on its trailer.  Plaintiff contends the winch and other trailer equipment was undersized and

25   that he had complained to Defendants about this prior to the incident.  Plaintiff filed this Jones

26   Act personal injury case on August 5, 2004 against OARS, Inc., OARS Canyonlands, Inc.

27   ("OC"), North American River Expeditions, Inc. ("NARE") and MV Metal Craft Jet Boat

28   bearing VIN 1FWE02522XA023408.

1  On January 24, 2005, the Court granted Plaintiff leave to file a first amended complaint.

2  The first amended complaint dismissed NARE as a Defendant and added George Wendt, the

3  principal officer, shareholder and beneficial owner of the other corporate Defendants.

4  Defendants filed their answer to the first amended complaint on March 3, 2005.

5  By this motion, Plaintiff seeks to file a second amended complaint to substitute O.A.R.S.

6  Companies, Inc. ("OC") as a Defendant in place of current Defendant O.A.R.S., Inc. ("OI").

7  Plaintiff explains that he has discovered that OC, not OI, is the parent company of Defendant

8  OARS Canyonlands, Inc.  Plaintiff mistakenly named OI in the first amended complaint and now

9  wishes to amend based on information provided by Defendants.  Specifically, Plaintiff states that

10  on or about March 1, 2005, as a result of the deposition testimony of Defendant George Wendt,

11  he learned for the first time that OC, not OI, was the parent company of OARS Canyonlands.

12  Plaintiff explains that he has attempted to obtain Defendants' stipulation to allow the filing of a

13  second amended complaint but has been unable to do so.

**DISCUSSION**

15  Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend "shall be freely

16  given when justice so requires."  The United States Supreme Court has stated:

17  [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or
dilatory motive on the part of the movant, repeated failure to cure deficiencies by

18  amendments previously allowed, undue prejudice to the opposing party by virtue of
allowance of the amendment, futility of amendment, etc. – the leave sought should, as the

19  rules require, be "freely given."

20  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Ninth Circuit has summarized these factors to

21  include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4)

22  futility of amendment.  *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir.

23  1984).  Granting or denial of leave to amend rests in the sound discretion of the trial court.

24  *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  Despite the policy

25  favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is

26  futile or would be subject to dismissal.  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)

27  None of the factors discussed by the Supreme Court are present in this case.  Although

28  Plaintiff learned of the proper defendant in March 2005, he delayed seeking leave to file a second

1  amended complaint because Defendants' motion to transfer venue was pending.  The motion was

2  denied on May 23, 2005, and on May 25, 2005, Plaintiff's counsel forwarded a draft of the

3  second amended complaint to Defendants' counsel and requested a stipulation.  Although they

4  have discussed the issue, Defendants have not provided a stipulation.  Defendants have not,

5  however, opposed this motion.

6      Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion for leave to file a second

7  amended complaint is GRANTED.  Plaintiff shall file the second amended complaint within ten

8  (10) days of the date of service of this order.  Plaintiff shall execute proper service of the second

9  amended complaint on the new Defendant.  The existing Defendants' answer to the first amended

10  complaint will be deemed an answer to the second amended complaint, if they so desire.

11      IT IS SO ORDERED.

12  **Dated:    July 25, 2005**                          **/s/ Dennis L. Beck**
    3b142a                                UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28