**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| R. GIL MCDOUGALD,<br><br>            Plaintiff,<br><br>       v.<br><br>O.A.R.S. COMPANIES, INC., a corporation, OARS CANYONLANDS, INC., a corporation, GEORGE WENDT, an individual, M/V METAL CRAFT JET BOAT bearing VIN 1FWE02522XAO23408, her engines, tackle, apparel, furniture, and appurtenances, and DOES 1 through 10, inclusive,<br><br>            Defendants.<br><br>O.A.R.S. COMPANIES, INC., a corporation, OARS CANYONLANDS, INC., a corporation, GEORGE WENDT, an individual,<br><br>      Third-Party Plaintiffs,<br><br>       v.<br><br>METAL CRAFT, INC., a corporation,<br><br>      Third-Party Defendant. | 1:04-CV-6057 OWW DLB<br><br>ORDER GRANTING THIRD-PARTY DEFENDANT METAL CRAFT, INC.'S MOTION TO STRIKE THIRD-PARTY COMPLAINTS |

1

## I. INTRODUCTION

Third-Party Defendant Metal Craft, Inc. (MC), moves to strike the third-party complaints filed by O.A.R.S. Companies, Inc., OARS Canyonlands, Inc., and George Wendt (collectively, "the OARS Defendants" or "Third-Party Plaintiffs"). Third-Party Plaintiffs oppose the motion.

## II. PROCEDURAL HISTORY

The complaint was filed on August 5, 2004. Doc. 1, Complaint. It named O.A.R.S., Inc., OARS Canyonlands, Inc., North American River Expeditions, Inc. (NARE), and the jet boat (*in rem*) as Defendants. O.A.R.S. and Canyonlands filed answers on October 1, 2004. Docs. 4 & 5. With leave of court, Plaintiff filed a first amended complaint on January 24, 2005. It removed NARE and added Wendt as a Defendant. O.A.R.S., Canyonlands, and Wendt filed answers on March 3, 2005. Docs. 19-21. Plaintiff filed a second amended complaint with leave of court on July 26, 2005. It removed O.A.R.S. and added O.A.R.S. Companies (Companies) as Defendant. *See* Opp. to Mot. to Strike, at 3-4. The OARS Defendants filed their answers to the second amended complaint on September 9, 2005. Docs. 45-47.

Together with their answers, the OARS Defendants (hereinafter, "Third-Party Plaintiffs") filed third-party complaints against MC, alleging product liability.

## III. BACKGROUND

The factual background set forth in the court's order denying the motion of Defendants O.A.R.S., Inc., Canyonlands, and Wendt to transfer venue, Doc. 31, Order at 3-13, is incorporated herein by reference.

Plaintiff claims that he was injured while working in the course of his employment for Defendant Canyonlands as the operator of a jet boat on the Colorado River in Utah. Plaintiff claims he injured his lower back while attempting to load the jet boat onto a boat trailer using equipment, furnished by the OARS Defendants, which he alleges to have been faulty and undersized. Plaintiff alleges negligence under the Jones Act, 46 U.S.C. § 688, breach of the warranty of seaworthiness under the general maritime law, and willful and arbitrary failure to pay maintenance and cure. Doc. 78, Opp., at 1-2. Third-Party Plaintiffs have alleged that MC designed and built the boat trailer and that MC is the actively negligent party responsible for Plaintiff's alleged injuries. Doc. 63, Mot. to Change Venue at 1.

## IV.  LEGAL STANDARD

Rule 14(a), of the Federal Rules of Civil Procedure, provides in relevant part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. Otherwise the third-party

```
              plaintiff must obtain leave on motion upon notice to
              all parties to the action.
Rule 14(a), F.R.Civ.P.
```

"Except where the impleader is filed at the time of the original answer, it is discretionary with the court." Schwarzer, *et al.*, Fed. Civ. Proc. Before Trial, § 7:307. "Defendant need not obtain leave of court to serve and file a third-party complaint if it is filed within 10 days after defendant serves its original answer to the complaint in the main action." *Id.*, at § 7:330. "In *all other situations*, leave of court to serve and file a third-party complaint must be sought by motion." *Id.*, at § 7:331 (*citing Irwin v. Mascott*, 94 F.Supp.2d 1052, 1056 (N.D. Cal. 2000)) (emphasis added).

## V.   ANALYSIS

MC argues that the third-party complaints should be stricken on the grounds that they were not filed within ten days after the original answer was filed on October 1, 2004, and were not filed with leave of the court. Third-party Plaintiffs argue (1) that, for purposes of Rule 14(a), the original answer is the one first filed after any amended complaint, so the third-party complaints they filed together with their answers to the second amended complaint fall within the ten-day deadline for filing without leave of court; (2) alternatively, that the order of August 4, 2005, which set a scheduling conference for November 10, 2005, allowed them to file the third-party complaints without leave of court.

1.   "Original Answer"

As the court in *F.T.C .v. Capital City Mortgage Corp.*, 186

F.R.D. 245 (D.D.C. 1999), pointed out, three interpretations of "original answer" are possible:

> Under a "plain language" interpretation, the "original" answer is the one that responds to the "original" complaint. If the complaint is amended, subsequent answers would be designated as the "Answer to the [First, Second, etc.] Amended Complaint" and would not be considered "original." *Cf.* Charles Alan Wright, *et al.*, 6 Federal Practice & Procedure § 1454 at 422 (2d ed. 1990) (characterizing period within 10 days of "original answer" as "early in the proceeding").
> Under a more nuanced, functional reading, the "original answer" can be an answer to an amended complaint, so long as the basis for impleader is that which is new, *i.e.*, "original," in the answer to the amended complaint. *See Ez-Tixz, Inc. v. Hit-Tix, Inc.,* 1995 WL 77589 *6-7 (S.D.N.Y. Feb. 27, 1995); *Ahern v. Gaussoin,* 104 F.R.D. 37, 39 (D.Or.1984); *In re "Agent Orange" Product Liability Litig.,* 100 F.R.D. 778, 780 (E.D.N.Y. 1984).
> Finally, one court has reasoned that because an amended complaint which stands alone supplants any prior complaints, such an amended complaint becomes the original complaint and therefore the answer to such amended complaint becomes the "original answer" within the meaning of Rule 14(a). *See Nelson v. Quimby Island Reclamation District Facilities Corp.,* 491 F.Supp. 1364, 1387 (N.D.Cal. 1980).

```
         Each of these approaches concerns when the filing of
         the original third-party complaint may be done without
         leave of court.
```
*F.T.C.*, 186 F.R.D. at 247.

The second interpretation of "original answer" appears to be the majority view, and the best reasoned of the three.

Under this approach, Third-Party Plaintiffs had to obtain leave of court before filing the third-party complaint. The basis for impleading MC did not first appear in the SAC; a product liability claim was alleged by Plaintiff in the original complaint. *See* Doc. 1, Complaint, ¶¶ 9, 11 (alleging that Plaintiff was injured by "undersized and faulty equipment" that was "dangerous, defective, and unfit for [its] intended purpose"). This gave Defendants clear notice that Plaintiff believed the trailer was faulty, but did not sue the manufacturer. Defendants should have filed any products liability indemnity third-party complaint within ten (10) days of the initial answer.

2.   The Order of August 4, 2005

Third-Party Plaintiffs argue alternatively that the court granted them leave to file the third-party complaint in its Order of August 4, 2005. Doc. 74, Mem. in Opp., at 2. The Order approved a stipulation which Plaintiff and the OARS Defendants/Third-Party Plaintiffs had made two days earlier. In it, the parties "included statements indicating that defendant desired to bring in a third party based on information recently developed at depositions and inspections in late June, 2005." Doc. 74, Mem. in Opp., at 6 (citing Doc. 41, Stipulation and

**6**

Proposed Order, at 2). Since the Order approved the stipulation, Third-Party Plaintiffs argue, they "obtain[ed] leave on motion upon notice to all parties to the action," as Rule 14(a) demands.

The parties to the stipulation requested only that "the current pre-trial and trial schedule be vacated and a new scheduling conference be scheduled at a date and time convenient for the [c]ourt in approximately ninety (90) days from the date of this stipulation and proposed order." Doc. 41, Stipulation and Proposed Order, at 3. The stipulation did not request leave to file a third-party complaint, and the court in approving the stipulation, which obviated the need for a motion for leave to file a third-party complaint, did not grant such leave or order the filing of a third-party complaint. The stipulation only stated the products-liability claim as a reason for changing the case schedule. Neither the stipulation nor the order could foreclose rights of the trailer manufacturer, who was not a party to the action.

The late impleader of MC will unnecessarily delay adjudication of the case, given the likely necessity of expert witness testimony regarding the design and manufacture of the trailer, the likely necessity of additional discovery regarding MC's affirmative defenses, and the likelihood of various extra pre-trial and dispositive motions that will all unjustifiably tend to increase the time necessary to decide the controversy. Third-Party Plaintiffs' delay in filing the third-party complaints is unexplained. Moreover, an implied indemnity declaratory relief claim need not be filed before underlying liability is established on Plaintiff's claims. *See, e.g.*,

**7**

*Wilson v. City of Chicago*, 120 F.3d 681, 687 (7th Cir. 1997); *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 412 (3rd Cir. 1993).  There is no allegation that any Defendant has tendered the defense of this case to the trailer manufacturer, alleged as indemnitor, or that any party will be prejudiced if the indemnity claim is tried in a subsequent case if Plaintiff should succeed against the employer.

## VI.   CONCLUSION

MC's motion to strike the third-party complaints is GRANTED.

**SO ORDERED**

**DATED: April 17 2006.**

**/s/ OLIVER W. WANGER**
_____
     **OLIVER W. WANGER**
**United States District Judge**