UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. GIL MCDOUGALD,<br><br>                    Plaintiff,<br><br>          v.<br><br>O.A.R.S. COMPANIES, INC., a corporation, OARS CANYONLANDS, INC., a corporation, GEORGE WENDT, an individual, M/V METAL CRAFT JET BOAT bearing VIN 1FWE02522XAO23408, her engines, tackle, apparel, furniture, and appurtenances, and DOES 1 through 10, inclusive,<br><br>                    Defendants.<br><br>O.A.R.S. COMPANIES, INC., a corporation, OARS CANYONLANDS, INC., a corporation, GEORGE WENDT, an individual,<br><br>     Third-Party Plaintiffs,<br><br>          v.<br><br>METAL CRAFT, INC., a corporation,<br><br>     Third-Party Defendant. | 1:04-CV-6057 OWW DLB<br><br>ORDER GRANTING THIRD-PARTY PLAINTIFF O.A.R.S. COMPANIES' MOTION FOR CLARIFICATION OF COURT'S ORDER OF APRIL 17, 2006 AND STRIKING ITS THIRD-PARTY COMPLAINT |

## I. INTRODUCTION

Defendant and Third-Party Plaintiff O.A.R.S. Companies, Inc. (Companies) moves to clarify the April 17, 2006, Order. Third-Party Defendant Metal Craft, Inc. (MC) opposes the motion.

## II. PROCEDURAL HISTORY

The complaint was filed on August 5, 2004. Doc. 1, Compl. It named O.A.R.S., Inc. (O.A.R.S.), OARS Canyonlands, Inc. (Canyonlands), North American River Expeditions, Inc. (NARE), and the jet boat (*in rem*) as Defendants. Id. Defendant O.A.R.S. and Canyonlands filed answers on October 1, 2004. Doc. 4, O.A.R.S. Answer; Doc. 5, Canyonlands Answer. The first amended complaint was filed with leave of court on January 24, 2005. Doc. 18, FAC. It dropped NARE and added Wendt as a Defendant. Id. O.A.R.S., Canyonlands, and Wendt filed answers on March 3, 2005. Doc. 19, Canyonlands Answer; Doc. 20, O.A.R.S. Answer; Doc. 21, Wendt Answer. The second amended complaint was filed with leave of court on July 26, 2005. Doc. 40, SAC. It dropped O.A.R.S. and added O.A.R.S. Companies (Companies) as Defendant. Id. The answers to the SAC were filed by Defendants Canyonlands, Companies, and Wendt (collectively, Defendants/Third-Party Plaintiffs) on September 9, 2005. Doc. 45, Canyonlands Answer to SAC; Doc. 46, Wendt Answer to SAC; Doc. 47, Companies Answer to SAC.

Together with their answers, Defendants/Third-Party Plaintiffs (Defs./Th-P Pls.) O.A.R.S., Canyonlands, and George Wendt filed third-party complaints against Defendant/Third-Party Defendant (Def./Th-P Def.) MC. Id. On November 18, 2005, Def./Th-P Def. MC filed an answer to Def./Th-P Pl. Companies'

third-party complaint, and motions to strike Defs./Th-P Pls. Canyonlands' and Wendt's third-party complaints.  Doc. 54, MC Answer; Doc. 55, Mot. to Strike Canyonlands Compl.; Doc. 56, Mot. to Strike Wendt Compl.  The motions were heard on February 6, 2006.  The April 17, 2006, Order struck the third-party complaints of Defs./Th-P Pls. Canyonlands, Wendt, and Companies. Doc. 91, Order.

### III.  BACKGROUND

The factual background set forth in the court's order denying the motion of Defendants O.A.R.S., Inc., Canyonlands, and Wendt to transfer venue, Doc. 31, Order, 3-13, is incorporated herein by reference.

Plaintiff claims that he was injured while working in the course of his employment for Defendant Canyonlands as the operator of a jet boat on the Colorado River in Utah.  Plaintiff claims he injured his lower back while attempting to load the jet boat onto a boat trailer using equipment, furnished by Defs./Th-P Pls., which he alleges was faulty and undersized.  Plaintiff alleges negligence under the Jones Act, 46 U.S.C. § 688, breach of the warranty of seaworthiness under general maritime law, and willful and arbitrary failure to pay maintenance and cure.  Doc. 78, Opp., at 1-2.  Defs./Th-P Pls. allege MC designed and built the boat trailer and MC is the actively negligent party responsible for Plaintiff's alleged injuries.  Doc. 63, Mot. to Change Venue at 1.

### IV.  LEGAL STANDARD

Rule 14(a) of the Federal Rules of Civil Procedure provides in relevant part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.

Rule 14(a), F.R.Civ.P.

"Except where the impleader is filed at the time of the original answer, it is discretionary with the court." Schwarzer, *et al.*, Fed. Civ. Proc. Before Trial, § 7:307. "Defendant need not obtain leave of court to serve and file a third-party complaint if it is filed within 10 days after defendant serves its original answer to the complaint in the main action." *Id.*, at § 7:330. "In *all other situations*, leave of court to serve and file a third-party complaint must be sought by motion." *Id.*, at § 7:331 (*citing Irwin v. Mascott*, 94 F.Supp.2d 1052, 1056 (N.D. Cal. 2000)) (emphasis added).

### V.  ANALYSIS

The April 17, 2006, Order granted Def./Th-P Def. MC's motions to strike Defs./Th-P Pls. Canyonlands and Wendt's third-party complaints. Doc. 91, Order, 2, 8. The Order stated that for the purposes of Rule 14, the "original answer" is the answer to either the original complaint, or to an amended complaint, provided that the basis for impleader is that which is new, *i.e.*, "original," in the answer to the amended complaint. Id., 5-6. The Order ruled that:

> Under this approach, Third-Party Plaintiffs had to

**4**

>           obtain leave of court before filing the third-
>           party complaint.  The basis for impleading MC did
>           not first appear in the SAC; a product liability
>           claim was alleged by Plaintiff in the original
>           complaint. [citation] This gave Defendants clear
>           notice that Plaintiff believed the trailer was
>           faulty, but did not sue the manufacturer.
>           Defendants should have filed any products
>           liability indemnity third-party complaint within
>           ten (10) days of the initial answer.

Id., 6.  The Order also ruled the August 4, 2005, Order, Doc. 44, Order, did not extend this deadline.  Defs./Th-P Pls. Canyonlands and Wendt's third-party complaints against Def./Th-P Def. MC were ordered stricken on these grounds.  Doc. 91, Order, 8.

   Def./Th-P Pl. Companies' third-party complaint was not ordered stricken.  MC answered Companies' third-party complaint, and did not move to strike it.  MC moved to strike only Canyonlands' and Wendt's third-party complaints.  See Doc. 54, MC Answer; Doc. 55, Mot. to Strike Canyonlands Compl.; Doc. 56, Mot. to Strike Wendt Compl.  Companies was made a Defendant only in the SAC, not in the original complaint or the FAC; the SAC was the "original complaint" as to Companies, and Companies' answer to the SAC was for this reason the "original answer."  Companies filed the third-party complaint against MC together with its answer.  Since this is within ten days of Companies' original answer, Rule 14 allowed Companies to file the third-party complaint against MC without leave of court.

   However, a third-party complaint served without leave of court is still subject to a motion to strike or to vacate under the eighth sentence of Rule 14(a), which provides that "any party may move to strike the third-party claim, or for its severance or separate trial."  Rule 14(a), Fed.R.Civ.P; *see* 6 Wright, Miller &

**5**

Kane, Fed. Prac. & Proc.: *Civil* 2d. § 1454; 3 Moore's Fed. Prac. § 14.20[2] (3d ed. 2000) ("the court may refuse to allow or to retain the third-party claim, even though the third party has been imple[d] properly without leave of court").

The Order stated:

> The late impleader of MC will unnecessarily delay the adjudication of the case, given the likely necessity of expert witness testimony regarding the design and manufacture of the trailer, the likely necessity of additional discovery regarding MC's affirmative defenses, and the likelihood of various extra pre-trial and dispositive motions that will all unjustifiably tend to increase the time necessary to decide the controversy.  Third-Party Plaintiffs' delay in filing the third-party complaints is unexplained.

Doc. 91, Order, 7.

Companies is Canyonlands' parent company.  See Doc. 36, Declaration of Kurt Micklow in Supp. of Pl.'s Mot. for Leave to File SAC [hereinafter, "Micklow Decl."], ¶ 3.  Although Companies was first made a Defendant by the SAC in July 2005, Doc. 40, SAC, it was given notice by the August 5, 2004, complaint that Plaintiff sought to sue the parent company of Plaintiff's employer, Canyonlands, an original (and current) Defendant, and that but for an error Plaintiff would have sued Companies:

> Plaintiff was originally informed and believed that the "parent" company of [Canyonlands] was a related company named [O.A.R.S.].  Based on that information and belief, Plaintiff named and sued [O.A.R.S.] as a [D]efendant in the original and first amended complaints.

Doc. 36, Micklow Decl., ¶ 3.  The original complaint stated product-liability claims.  Doc. 91, Order, 6.  Despite this notice to both Canyonlands and its corporate parent Companies, these Defendants did not take timely action to ensure MC's

**6**

presence in this suit until after the SAC was filed. Companies could have sought to intervene to timely file a third-party complaint against MC, since O.A.R.S. had not done so. The parties' delay is unexplained.

The April 17, 2006, Order was based on the express purpose of avoiding the complication and delay inclusion of the third-party complaint against MC would cause. Allowing Companies to implead MC unjustifiably defeats the purpose and spirit of the order striking the third-party complaint.

An implied indemnity declaratory relief claim need not be filed before underlying liability is established on Plaintiff's claims. The implied indemnity claim is more centered in Utah, and as in *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102 (1987), the Eastern District of California has negligible interest in the dispute between the manufacturer and purchaser for design defect. *See Cermetek, Inc. v. Butler Avpak, Inc.*, 573 F.2d 1370, 1382 (9th Cir. 1978) (unnecessary party's residence not taken into account in change of venue determination).

## VI.   CONCLUSION

For the foregoing reasons, Def./Th-P Pl. Companies' motion to clarify is GRANTED. Def./Th-P Def. MC's motion to strike Companies' third-party complaint is GRANTED.

**SO ORDERED**

**DATED: July _26, 2006.**

　　　　　　　　　　　　　　　　　**_/s/ OLIVER W. WANGER_____**
　　　　　　　　　　　　　　　　　　　　**OLIVER W. WANGER**
　　　　　　　　　　　　　　　　　**United States District Judge**