UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. GIL MCDOUGALD,<br><br>                Plaintiff,<br><br>    v.<br><br>O.A.R.S. COMPANIES, INC., a corporation, OARS CANYONLANDS, INC., a corporation, GEORGE WENDT, an individual, M/V METAL CRAFT JET BOAT bearing VIN 1FWE02522XAO23408, her engines, tackle, apparel, furniture, and appurtenances, and DOES 1 through 10, inclusive,<br><br>                Defendants. | 1:04-CV-6057 OWW DLB<br><br>ORDER DENYING DEFENDANTS AND THIRD PARTY PLAINTIFFS OARS PARTIES' MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT AGAINST METAL CRAFT (DOC. 98) AND<br><br>DENYING METAL CRAFT'S MOTION TO CHANGE VENUE AS MOOT (DOC. 63) |

## I.  INTRODUCTION

Defendants OARS Canyonlands, Inc., George Wendt, and O.A.R.S. Companies, Inc. move for leave to file a third party complaint against Metal Craft, Inc. (MC). (Doc. 98-1, filed June 14, 2006.) MC opposes the motion, as does Plaintiff. (Docs. 113 and 123.)

## II.  BACKGROUND

Plaintiff claims that he injured his lower back while working in the course of his employment for Defendant Canyonlands as the operator of a jet boat on the Colorado River in Utah. Plaintiff's injuries were allegedly sustained while he attempted to load the jet boat onto a boat trailer using equipment

1

furnished by the OARS Parties, which he alleges was faulty and undersized.  Plaintiff alleges negligence under the Jones Act, 46 U.S.C. § 688, breach of the warranty of seaworthiness under general maritime law, and willful and arbitrary failure to pay maintenance and cure.  (Doc. 78, Opp., at 1-2.)  The OARS Parties assert that MC designed and built the boat trailer and that MC is the actively negligent party responsible for Plaintiff's alleged injuries.  (Doc. 63, Mot. to Change Venue at 1.)

### III.  **PROCEDURAL HISTORY**

The complaint was filed on August 5, 2004.  (Doc. 1.)  It named O.A.R.S., Inc. ("O.A.R.S."), OARS Canyonlands, Inc. ("Canyonlands"), North American River Expeditions, Inc. ("NARE"), and the jet boat (*in rem*) as Defendants.  (*Id*.)  Defendant O.A.R.S. and Canyonlands filed answers on October 1, 2004. (Docs. 4 & 5.)  The first amended complaint was filed with leave of court on January 24, 2005.  (Doc. 18.)  It dropped NARE and added Wendt as a Defendant.  (*Id*.)  O.A.R.S., Canyonlands, and Wendt filed answers on March 3, 2005.  (Docs. 19-21.)  The second amended complaint ("SAC") was filed with leave of court on July 26, 2005.  (Doc. 40.)  It dropped O.A.R.S. and added O.A.R.S. Companies ("Companies") as Defendant.  (*Id*.)  Answers to the SAC were filed by Defendants Canyonlands, Companies, and Wendt (collectively, "the OARS Parties") on September 9, 2005.  (Docs. 45-47.)

Together with their answers, the OARS Parties filed third-party complaints against MC.  (*Id.*)  On November 18, 2005, MC filed an answer to the OARS Parties' third-party complaint, and

1  moved to strike the OARS Parties' third-party complaints.
2  (Docs. 54-56.)
3      A memorandum decision and order dated April 17, 2006, along
4  with a subsequent order clarifying that decision, struck the OARS
5  Parties' third-party complaints against MC.  (Doc. 91 and Doc.
6  112, ("Clarification Order"), filed July 26, 2006.)  The district
7  court held that Canyonlands and Wendt needed leave of court
8  before filing their third party complaint against MC.  (Doc. 91
9  at 6.)  Companies, however, did not require leave of court prior
10 to the filing of their third party complaint.  Nevertheless,
11 Companies' complaint was still subject to a motion to strike
12 under the eighth sentence of Rule 14(a), which provides that "any
13 party may move to strike the third-party claim, or for its
14 severance or separate trial."  Fed. R. Civ. Pro Rule 14(a); *see* 6
15 Wright, Miller & Kane, Fed. Prac. & Proc.: *Civil* 2d. § 1454; 3
16 Moore's Fed. Prac. § 14.20[2] (3d ed. 2000) ("the court may
17 refuse to allow or to retain the third-party claim, even though
18 the third party has been imple[d] properly without leave of
19 court").  (Doc. 112, Clarification Order, at 5-6.)
20     The April 14, 2006 memorandum decision stated:
21          The late impleader of MC will unnecessarily delay the
            adjudication of the case, given the likely necessity of
22          expert witness testimony regarding the design and
            manufacture of the trailer, the likely necessity of
23          additional discovery regarding MC's affirmative
            defenses, and the likelihood of various extra pre-trial
24          and dispositive motions that will all unjustifiably
            tend to increase the time necessary to decide the
25          controversy.  Third-Party Plaintiffs' delay in filing
            the third-party complaints is unexplained.
26
   (Doc. 91 at 7.)  The Clarification Order further noted that:
27

28

**3**

> Companies is Canyonlands' parent company. (*See* Doc. 36, Declaration of Kurt Micklow in Supp. of Pl.'s Mot. for Leave to File SAC [hereinafter, "Micklow Decl."], ¶ 3. Although Companies was first made a Defendant by the SAC in July 2005, Doc. 40, SAC, it was given notice by the August 5, 2004, complaint that Plaintiff sought to sue the parent company of Plaintiff's employer, Canyonlands, an original (and current) Defendant, and that but for an error Plaintiff would have sued Companies:
>
>> Plaintiff was originally informed and believed that the "parent" company of [Canyonlands] was a related company named [O.A.R.S.]. Based on that information and belief, Plaintiff named and sued [O.A.R.S.] as a [D]efendant in the original and first amended complaints.
>
> Doc. 36, Micklow Decl., ¶ 3. The original complaint stated product-liability claims. Doc. 91, Order, 6. Despite this notice to both Canyonlands and its corporate parent Companies, these Defendants did not take timely action to ensure MC's presence in this suit until after the SAC was filed. Companies could have sought to intervene to timely file a third-party complaint against MC, since O.A.R.S. had not done so. The parties' delay is unexplained.
>
> The April 17, 2006, Order was based on the express purpose of avoiding the complication and delay inclusion of the third-party complaint against MC would cause. Allowing Companies to implead MC unjustifiably defeats the purpose and spirit of the order striking the third-party complaint.
>
> An implied indemnity declaratory relief claim need not be filed before underlying liability is established on Plaintiff's claims. The implied indemnity claim is more centered in Utah, and as in *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102 (1987), the Eastern District of California has negligible interest in the dispute between the manufacturer and purchaser for design defect. *See Cermetek, Inc. v. Butler Avpak, Inc.*, 573 F.2d 1370, 1382 (9th Cir. 1978) (unnecessary party's residence not taken into account in change of venue determination).

(Doc. 112 at 6-7.)

//

//

//

### IV. DISCUSSION

The April 17, 2006 memorandum decision along with the Clarification Order granted MC's motions to strike the third-party complaints of all of the OARS Parties. (Doc. 91, at 2, 8; Doc. 112.)  The OARS Parties now seek leave of court to file the same third-party complaint against MC.

Rule 14(a) of the Federal Rules of Civil Procedure provides in relevant part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.

Fed. R. Civ. Pro. Rule 14(a).

A decision whether to permit impleader is left to the discretion of the district court. *See United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983); *Ahern v. Gaussoin*, 104 F.R.D. 37, 39-40 (D.C. Or. 1984); *Irwin v. Mascott,* 94 F. Supp. 2d 1052 (N.D. Cal. 2000).  "The court should also consider the possibility of delay and prejudice to other parties, as well as whether the third-party claim lacks merit."  *Ahern*, 104 F.R.D. at 40.

Here, the district court has already ruled that impleader of MC would unnecessarily delay and complicate the proceedings:

//
//

> The April 17, 2006, Order was based on the express purpose of avoiding the complication and delay inclusion of the third-party complaint against MC would cause. Allowing Companies to implead MC unjustifiably defeats the purpose and spirit of the order striking the third-party complaint.
>
> An implied indemnity declaratory relief claim need not be filed before underlying liability is established on Plaintiff's claims. The implied indemnity claim is more centered in Utah, and as in *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102 (1987), the Eastern District of California has negligible interest in the dispute between the manufacturer and purchaser for design defect. *See Cermetek, Inc. v. Butler Avpak, Inc.*, 573 F.2d 1370, 1382 (9th Cir. 1978) (unnecessary party's residence not taken into account in change of venue determination).

(Doc. 112 at 7.)

It appears that the OARS Parties misunderstand the nature of the delay that is of concern to the district court. In their Reply brief, the OARS Parties argue forcefully that they promptly sought to implead MC following the discovery of certain details regarding MC's potential liability during the depositions of Plaintiffs and two former employee witnesses conducted in June 2005. (Doc. 124 at 2-3.) Plaintiffs also contend that the filing of the proposed third party complaint would "promote judicial economy, avoid duplicate discovery and the necessity of separate trials, [] be more convenient for witnesses, [] avoid conflicting rulings or verdicts, and would not result in prejudice to any party." (*Id*. at 4.) But, it is the prospect of <u>further</u> delay and <u>additional complexity</u> that is of concern now, particularly given that the OARS Parties may obtain indemnification from MC if judgment is rendered in favor of Plaintiffs. Under such circumstances, it does not serve the interests of judicial economy to further delay proceedings in

**6**

this case for the sole purpose of adding a claim for indemnification in a case where subject matter jurisdiction is challenged and no need for indemnification may arise if Plaintiff does not prevail on the pending motion to dismiss.

## VI.  CONCLUSION

For the foregoing reasons, the OARS Parties' motion for leave to file a third-party complaint is **DENIED.**

In addition, confirming the prior oral ruling of the district court in open court on February 5, 2006, MC's motion to transfer venue (Doc. 63) is **DENIED AS MOOT**, as MC is no longer a party in this case.

**SO ORDERED**

Dated: September 5, 2006

/s/ OLIVER W. WANGER
_____
   **OLIVER W. WANGER**
**United States District Judge**